CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN - 3 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM E. LEDFORD,<br>Petitioner, | Case No. 7:05CV00561 |
| v. | MEMORANDUM OPINION |
| GENE M. JOHNSON,<br>Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

William E. Ledford, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Ledford challenges the validity of his conviction in the Circuit Court for the County of Rockingham. The petition is presently before the court on the respondent's motion to dismiss. For the following reasons, I will grant the respondent's motion.

## BACKGROUND

On April 15, 2002, Ledford was convicted of petit larceny, third offense. The Circuit Court sentenced Ledford to a five-year term of imprisonment with three years suspended. That same day, Ledford was found to have violated the terms and conditions of his supervised probation. The Circuit Court imposed the remaining balance of Ledford's previously suspended sentence.

Ledford appealed his conviction and probation violation to the Court of Appeals of Virginia. On February 6, 2003, Ledford's petition for appeal was denied. That decision was adopted by a three-judge panel of the Court of Appeals on April 2, 2003. Ledford then filed a petition for appeal in the Supreme Court of Virginia. On September 8, 2003, the petition for appeal was refused.

On May 13, 2004, Ledford executed a state petition for writ of habeas corpus. The petition was received by the Circuit Court for the County of Rockingham on May 19, 2004. The petition raised the following claims:

1. Ledford was denied effective assistance of counsel because his attorney failed to suppress the statements made to Deputy Greer.

2. Ledford and his attorney had a conflict of interest because his attorney refused to move to suppress his statement to the police.

3. Deputy Greer unlawfully arrested Ledford without a warrant while he was standing in the threshold of his house.

4. Ledford was denied due process as a result of his unlawful arrest and because of his conflict of interest with his attorney.

The Circuit Court dismissed Ledford's habeas petition on August 20, 2004. Ledford appealed the dismissal of the petition to the Supreme Court of Virginia. On January 26, 2005, Ledford's petition for appeal was dismissed for failure to comply with Supreme Court Rule 5:17(c).

On August 25, 2005, Ledford executed the instant petition, in which he raises the following claims:

1. His conviction was gained through a violation of his privilege against self-incrimination.

2. His conviction was obtained through the use of a coerced statement.

3. He was denied effective assistance of counsel.

On November 18, 2005, the respondent moved to dismiss the petition. Since Ledford has now responded to the motion, the petition is ripe for review.

## DISCUSSION

Having reviewed the record, I agree with the respondent that Ledford's petition must be dismissed. Even assuming that Ledford presented the substance of his current claims as part of his state habeas petition, as Ledford insists, the claims are procedurally defaulted because he failed to properly raise them on appeal to the Supreme Court of Virginia. Additionally, Ledford's petition is

2

untimely.

1. **Ledford's claims are procedurally defaulted.**

To present a claim to the Supreme Court of Virginia on appeal, a petitioner must include the claim in an assignment of error. Va. Sup. Ct. R. 5:17(c). The assignments of error must list "the specific errors in the rulings below upon which the appellant intends to rely." Id. Under a separate heading entitled "Questions Presented," the petition must list the questions that the petitioner intends to submit argument, "with a clear and exact reference to the particular assignment of error to which each question relates." Id. Since Ledford's petition for appeal did not contain assignments of error or questions presented, the Supreme Court dismissed the petition for failure to comply with Rule 5:17(c).

The United States Court of Appeals for the Fourth Circuit has held that Rule 5:17(c) constitutes an adequate and independent state ground for the denial of habeas relief. See Mueller v. Angelone, 181 F.3d 557, 584 (4th Cir. 1999). Accordingly, Ledford's claims may not be reviewed by this court absent cause and prejudice or a miscarriage of justice to excuse the procedural default. Id. Because Ledford has not shown cause and prejudice or a miscarriage of justice, his claims are procedurally defaulted.

2. **Ledford's petition is untimely.**

Additionally, Ledford failed to file the instant petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration

3

of the time for seeking direct review. See § 2244(d)(1)(A).* However, pursuant to § 2244(d)(2), the one-year period of limitation is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2).

In this case, Ledford appealed his convictions to the Supreme Court of Virginia. The Supreme Court of Virginia refused Ledford's petition for appeal on September 8, 2003. Ledford's convictions became final ninety days later on December 7, 2003, when the time to file a petition for writ of certiorari in the United States Supreme Court expired. See Sup. Ct. R. 13(1); Griffith v. Kentucky, 479 U.S. 314, 321 n. 6 (1987). Accordingly, the one-year period of limitation under § 2244(d)(1) began to run on that date.

One hundred and fifty-eight days later, on May 13, 2004, Ledford executed his state habeas petition. Ledford's state petition tolled the one-year period of limitation. See 28 U.S.C. § 2244(d)(2). The one-year period remained tolled until January 26, 2005, the date on which the Supreme Court of Virginia refused Ledford's petition for appeal. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). At this point, the clock began running again on the one-year period of limitation, and the period expired 207 days later, on August 21, 2005. Ledford did not execute the instant petition until August 25, 2005. Therefore, even considering the date of execution as

---

* Under § 2244, the one-year period of limitation begins to run on the latest of four dates: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, the petitioner has not alleged anything to support the court's reliance on subsections (B), (C), or (D). Therefore, the court concludes that the one-year period of limitation began to run on the date the petitioner's conviction became final.

4

the date of filing, Ledford's petition is time-barred under 28 U.S.C. § 2244(d)(1). Since Ledford has not demonstrated any grounds for equitable tolling, the petition must be dismissed.

## CONCLUSION

For the reasons stated, I will grant the respondent's motion to dismiss. The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This _3rd_ day of ~~December~~ January, ~~2005~~ 2006.

*/s/ Jackson L. Kiser*
Senior United States District Judge